# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COUNT PIERRE WAGONER,

       Petitioner,

v.                                                  Case Number: 08-CV-11431
                                                   Honorable Arthur J. Tarnow

CARMEN PALMER,

       Respondent.
                                                 /

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Count Pierre Wagoner filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who is currently incarcerated at the Michigan Reformatory in Ionia, Michigan, challenges his convictions for felon in possession of a firearm and felony firearm. At Oral Arguments on August 23, 2010, the Court construed Petitioner's lack of exhaustion on the claim of legal innocence via the defense of necessity and/or defense of self or others as a Motion to Hold Habeas Petition in Abeyance. The Court shall grant the Petitioner's motion, hold the present petition in abeyance, and administratively close the matter.

**I.**

Petitioner Count Pierre Wagoner was convicted of: 1) felon in possession of a firearm, MICH. COMP. LAWS § 750.224F, and 2) felony firearm, MICH. COMP. LAWS § 750.227BA, in Wayne County Circuit Court. On March 4, 2005, he was sentenced, as a habitual offender, second offense, per MICH. COMP. LAWS § 769.100, to a mandatory 5 years' imprisonment for the felony-firearm conviction, and 7 months to 7 years' imprisonment on the felon in possession of a

firearm conviction, to be served consecutively.

Following conviction and sentencing, Petitioner filed an appeal of right in the Michigan Court of Appeals, raising seven claims. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Wagoner*, No. 261837, 2006 WL 2924657, at *1 (Mich.App. Oct. 12, 2006). Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied, with one justice dissenting on one claim only. *People v. Wagoner*, 477 Mich. 1079; 729 N.W.2d 217.

Petitioner filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 3, 2008, raising three claims: ineffective assistance of counsel, denial of right of confrontation, and insufficiency of evidence. On August 20, 2009, Petitioner submitted a supplemental brief in support of the petition for habeas corpus relief, adding an additional claim of double jeopardy. The above four claims were answered by the state court respondent. A second supplemental brief in support of the petition was filed on August 2, 2010. This brief introduced a new claim of innocence due to the defense of necessity and/or defense of self or others. This claim has not been addressed by the state court.

## II.

Petitioner's Motion to Hold Habeas Petition in Abeyance will allow him to exhaust in state court the final claim of innocence due to the defense of necessity and/or defense of self or others. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. §2254(b)(1). If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold

further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Because Petitioner's petition has been pending since April, 2008, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

At Oral Arguments, Petitioner's counsel alleged that Petitioner's unexhausted claims were not presented in state court because his trial counsel was ineffective. The claim of defense of self or others was never mentioned at trial, and the defense of momentary innocent possession was raised only after trial. In addition, Petitioner's brief in support of this additional claim relies on the recent July 23, 2010, Michigan Supreme Court decision that self defense is an available defense to felon in possession of a firearm. *People v. Dupree*, 486 Mich. 693, No. 139396, 2010 WL 2889414, at *1 (Mich. July 23, 2010). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that this additional claim is not "plainly meritless." *See Rhines*, 544 U.S. at 277.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to life the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the

3

stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance is **GRANTED** and further proceedings in this matter are stayed. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 29, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 29, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary